IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| SUNRISE FARMS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CLEAN HARBORS ENVIRONMENTAL SERVICES, INC., KDF ENTERPRISES, LLC, & SABRE ENERGY SERVICES, LLC,<br><br>Defendants. | Civil No. 5:18-cv-04022<br><br>ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT, CLEAN HARBORS ENVIRONMENTAL SERVICES, INC. |
| CLEAN HARBORS ENVIRONMENTAL SERVICES, INC.,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>PRIME STAFFING, LLC., TRIDENT ENVIRONMENTAL GROUP, LLC, TRIAD ENERGY SERVICES, LLC, PROGRESSIVE ENVIRONMENTAL SERVICES, INC., d/b/a SWS ENVIRONMENTAL SERVICES, SHELTON SERVICES, INC. and COTTON LOGISTICS, INC.,<br><br>Third-Party Defendants. | THIRD-PARTY COMPLAINT OF DEFENDANT, CLEAN HARBORS ENVIRONMENTAL SERVICES, INC. |

COMES NOW Defendant, Clean Harbors Environmental Services, Inc. (hereinafter "Clean Harbors"), and, for its Answer and Affirmative Defenses to Plaintiff's Petition at Law, states and alleges as follows:

1. Clean Harbors admits the allegations of paragraph 1 of Plaintiff's Petition at Law.

2. Clean Harbors admits the allegations of paragraph 2 of Plaintiff's Petition at Law.

3. Clean Harbors admits the allegations of paragraph 3 of Plaintiff's Petition at Law.

#2933886

4. Clean Harbors denies, for lack of information, the allegations of paragraph 4 of Plaintiff's Petition at Law.

5. Clean Harbors denies, for lack of information, the allegations of paragraph 5 of Plaintiff's Petition at Law.

6. Clean Harbors admits the allegations of paragraph 6 of Plaintiff's Petition at Law, with the following qualification: after removal, the United States District Court for the Northern District of Iowa is the court of proper jurisdiction.

7. Clean Harbors admits the allegations of paragraph 7 of Plaintiff's Petition at Law, with the following qualification: after removal, venue is proper in the United States District Court for the Northern District of Iowa.

8. Clean Harbors admits the allegations of paragraph 8 of Plaintiff's Petition at Law, with the following qualification: after removal, the amount in controversy satisfies the jurisdictional requirements of the United States District Court for the Northern District of Iowa.

## STATEMENT OF FACTS

### OVERVIEW

9. Clean Harbors realleges its answers to paragraphs 1 through 8 of Plaintiff's Petition at Law as if fully set forth herein.

10. Clean Harbors denies, for lack of information, the allegations of paragraph 10 of Plaintiff's Petition at Law.

11. Clean Harbors denies, for lack of information, the allegations of paragraph 11 of Plaintiff's Petition at Law.

12. Clean Harbors denies, for lack of information, the allegations of paragraph 12 of Plaintiff's Petition at Law.

13. Clean Harbors denies, for lack of information, the allegations of paragraph 13 of Plaintiff's Petition at Law.

14. Clean Harbors denies, for lack of information, the allegations of paragraph 14 of Plaintiff's Petition at Law.

15. Clean Harbors denies, for lack of information, the allegations of paragraph 15 of Plaintiff's Petition at Law.

16. Clean Harbors denies, for lack of information, the allegations of paragraph 16 of Plaintiff's Petition at Law.

17. Clean Harbors admits that it hired certain subcontractors to complete extensive clean up and disinfectant work in the manner and timeframe mandated by the USDA for the benefit of Plaintiff and the public at large. Clean Harbors denies the remaining allegation paragraph 17 of Plaintiff's Petition at Law.

18. Clean Harbors admits that it hired certain subcontractors to complete extensive clean up and disinfectant work in the manner and timeframe mandated by the USDA for the benefit of Plaintiff and the public at large, including euthanizing and composting birds located on Plaintiff's premises. Clean Harbors denies, for lack of information, the remaining allegations of paragraph 18 of Plaintiff's Petition at Law.

19. Clean Harbors denies the allegations of paragraph 19 of Plaintiff's Petition at Law.

20. Clean Harbors denies, for lack of information, the allegations of paragraph 20 of Plaintiff's Petition at Law.

21. Clean Harbors denies, for lack of information, the allegations of paragraph 21 of Plaintiff's Petition at Law.

22. Clean Harbors denies, for lack of information, the allegations of paragraph 22 of Plaintiff's Petition at Law.

23. Clean Harbors denies, for lack of information, the allegations of paragraph 23 of Plaintiff's Petition at Law.

24. Clean Harbors denies, for lack of information, the allegations of paragraph 24 of Plaintiff's Petition at Law.

25. Clean Harbors denies, for lack of information, the allegations of paragraph 25 of Plaintiff's Petition at Law.

## DAMAGES

26. Clean Harbors realleges its answers to paragraphs 1 through 25 of Plaintiff's Petition at Law as if fully set forth herein.

27. Clean Harbors denies the allegations of paragraph 27 of Plaintiff's Petition at Law. Clean Harbors denies, for lack of information, the allegations directed to Defendants, KDF Enterprises, LLC ("KDF") and Sabre Energy Services, LLC ("Sabre").

28. Clean Harbors denies the allegations of paragraph 28 of Plaintiff's Petition at Law. Clean Harbors denies, for lack of information, the allegations directed to Defendants, KDF and Sabre.

29. Clean Harbors denies, for lack of information, the allegations of paragraph 29 of Plaintiff's Petition at Law. Clean Harbors denies, for lack of information, the allegations directed to Defendants, KDF and Sabre.

## COUNT I: NEGLIGENCE

30. Clean Harbors realleges its answers to paragraphs 1 through 29 of Plaintiff's Petition at Law as if fully set forth herein.

31. Paragraph 31 of Plaintiff's Petition at Law states a legal conclusion to which no answer is required, but, if an answer is required, Clean Harbors admits that it owed only those duties and responsibilities as are applicable to a business that provides industrial cleaning and disinfecting services. Clean Harbors denies, for lack of information, the allegations directed to Defendants, KDF and Sabre.

32. Clean Harbors denies the allegations of paragraph 32 of Plaintiff's Petition at Law. Clean Harbors denies, for lack of information, the allegations directed to Defendants, KDF and Sabre.

33. Clean Harbors denies the allegations of paragraph 33 of Plaintiff's Petition at Law. Clean Harbors denies, for lack of information, the allegations directed to Defendants, KDF and Sabre.

34. Clean Harbors denies the allegations of paragraph 34 of Plaintiff's Petition at Law. Clean Harbors denies, for lack of information, the allegations directed to Defendants, KDF and Sabre.

WHEREFORE, Defendant, Clean Harbors Environmental Services, Inc., prays that Plaintiff's Petition at Law be dismissed at Plaintiff's cost.

## COUNT II: BREACH OF CONTRACT

35. Clean Harbors realleges its answers to paragraphs 1 through 34 of Plaintiff's Petition at Law as if fully set forth herein.

36. Paragraph 36 of Plaintiff's Petition at Law states a legal conclusion to which no answer is required, but, if an answer is required, Clean Harbors admits that any contract between APHIS and Clean Harbors speaks for itself; any attempt by Plaintiff to characterize the same is denied. Clean Harbors denies, for lack of information, the allegations directed to Defendants,

KDF and Sabre.

37. Clean Harbors denies, for lack of information, the allegations of paragraph 37 of Plaintiff's Petition at Law. Clean Harbors denies, for lack of information, the allegations directed to Defendants, KDF and Sabre.

38. Clean Harbors denies the allegations of paragraph 38 of Plaintiff's Petition at Law. Clean Harbors denies, for lack of information, the allegations directed to Defendants, KDF and Sabre.

39. Clean Harbors denies the allegations of paragraph 39 of Plaintiff's Petition at Law. Clean Harbors denies, for lack of information, the allegations directed to Defendants, KDF and Sabre.

40. Clean Harbors denies, for lack of information, the allegations of paragraph 40 of Plaintiff's Petition at Law. Clean Harbors denies, for lack of information, the allegations directed to Defendants, KDF and Sabre.

WHEREFORE, Defendant, Clean Harbors Environmental Services, Inc., prays that Plaintiff's Petition at Law be dismissed at Plaintiff's cost.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Petition at Law, in whole or in part, fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to adequately and properly mitigate its damages.

### THIRD AFFIRMATIVE DEFENSE

The damages, if any, of Plaintiff were wholly, or in part, the fault of Plaintiff or of other

persons or entities, and said fault comparatively reduces the percentage of fault, if any, of Clean Harbors, pursuant to Iowa Code Chapter 668.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages resulted from independent, superseding and/or intervening causes, unrelated to any conduct of Clean Harbors.

## FIFTH AFFIRMATIVE DEFENSE

Any alleged actions or failures to act by Clean Harbors were not the proximate cause of Plaintiff's injuries and/or were outside the scope of liability for the physical harm.

## SIXTH AFFIRMATIVE DEFENSE

The damages, if any, of Plaintiff are wholly, or in part, barred by the economic loss doctrine.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims wholly, or in part, are barred under governmental discretionary function immunity.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims wholly, or in part, are barred by the operation of waiver, release, estoppel and/or accord and satisfaction.

## THIRD-PARTY COMPLAINT

COMES NOW Third-Party Plaintiff, Clean Harbors Environmental Services, Inc., by and through the undersigned counsel of record, and, for its Third-Party Complaint against Prime Staffing, LLC., Trident Environmental Group, LLC., Triad Energy Services, LLC., Progressive Environmental Services, Inc., d/b/a SWS Environmental Services, Shelton Services, Inc. and Cotton Logistics, Inc., states and alleges as follows:

## FACTUAL ALLEGATIONS

1. Third-Party Plaintiff, Clean Harbors Environmental Services, Inc., (hereinafter "Clean Harbors"), is, and was at the time of the filing of the Petition at Law and the Third-Party Complaint, a citizen of the State of Massachusetts. Clean Harbors is, and was at the time of the filing of the Petition at Law and the Third-Party Complaint, a Massachusetts corporation, whose principal place of business is in Norwell, Massachusetts.

2. Third-Party Defendant, Prime Staffing, LLC. (hereinafter "Prime"), is, and was at the time of the filing of the Petition at Law and the Third-Party Complaint, a citizen of the State of Louisiana. Prime is, and was at the time of the filing of the Petition at Law and the Third-Party Complaint, a Louisiana corporation, whose principal place of business is in Broussard, Louisiana.

3. Third-Party Defendant, Trident Environmental Group, LLC. (hereinafter "Trident"), is, and was at the time of the filing of the Petition at Law and the Third-Party Complaint, a citizen of the State of Massachusetts. Trident is, and was at the time of the filing of the Petition at Law and the Third-Party Complaint, a Massachusetts corporation, whose principal place of business is in Marlborough, Massachusetts.

4. Third-Party Defendant, Triad Energy Services, LLC (hereinafter "Triad"), is, and was at the time of the filing of the Petition at Law and the Third-Party Complaint, a citizen of the State of Louisiana. Triad is, and was at the time of the filing of the Petition at Law and the Third-Party Complaint, a Louisiana corporation, whose principal place of business is in Lafayette, Louisiana.

5. Third-Party Defendant, Progressive Environmental Services, Inc., d/b/a SWS Environmental Services (hereinafter "SWS"), is, and was at the time of the filing of the Petition

at Law and the Third-Party Complaint, a citizen of the State of Florida. SWS is, and was at the time of the filing of the Petition at Law and the Third-Party Complaint, a Florida corporation, whose principal place of business is in Panama City Beach, Florida.

6. Third-Party Defendant, Shelton Services, Inc. (hereinafter "Shelton"), is, and was at the time of the filing of the Petition at Law and the Third-Party Complaint, a citizen of the State of Texas. Shelton is, and was at the time of the filing of the Petition at Law and the Third-Party Complaint, a Texas corporation, whose principal place of business is in Huffman, Texas.

7. Third-Party Defendant, Cotton Logistics, Inc. (hereinafter "Cotton"), is, and was at the time of the filing of the Petition at Law and the Third-Party Complaint, a citizen of the State of Texas. Cotton is, and was at the time of the filing of the Petition at Law and the Third-Party Complaint, a Texas corporation, whose principal place of business is in Katy, Texas.

8. Clean Harbors alleges that Prime, Trident, Triad, SWS, Shelton and Cotton (hereinafter collectively referred to as "Subcontractors") are, or may be, liable to it for all or part of any damages associated with the claims of Plaintiff.

9. Venue is proper in the United States District Court for the Northern District of Iowa because the acts, omissions and/or circumstances that have given rise to the third-party claim occurred in Osceola County, Iowa.

10. The claims herein are asserted by Clean Harbors pursuant to Federal Rules of Civil Procedure 14.

11. Plaintiff alleges that Clean Harbors was negligent during the cleanup and disinfection process mandated by the United States Department of Agriculture ("USDA") and Iowa Department of Agriculture and Land Stewardship ("IDALS") in response to the 2015 avian influenza outbreak. See Plaintiff's Petition at Law.

12. Clean Harbors hired Subcontractors to complete the extensive clean up and disinfectant work in the manner and timeframe mandated by the USDA for the benefit of Plaintiff and the public at large.

13. Subcontractors provided personnel staffing, site planning, development, depopulation, cleaning and/or disinfecting, transportation, or other, related services for and upon Plaintiff's property.

14. Clean Harbors denies, and continues to deny, liability to Plaintiff for the allegations asserted in its Petition; however, in the event of recovery or a finding in the alternative, Subcontractors are responsible, in whole or in part, for the conduct and damages alleged in the Petition at Law, with the acts, failures or omissions of Subcontractors being a direct and proximate cause of Plaintiff's alleged damages.

## COUNT I - INDEMNIFICATION

15. Clean Harbors hereby incorporates, by reference, the allegations contained in Paragraphs 1 through 14 of its Third-Party Complaint, as if fully set forth herein.

16. Clean Harbors relied upon the expertise and professional judgment and skill of Subcontractors to effectuate the depopulation, cleaning and disinfecting process as mandated by the USDA.

17. Subcontractors had a duty to perform their services carefully, properly and in accordance with industry standards, and agreed to perform their services carefully, properly and in accordance with industry standards.

18. Each of the contracts executed between Clean Harbors and Subcontractors contained an indemnity provision, wherein Subcontractors agreed to indemnify, defend and hold harmless Clean Harbors for alleged damages to Plaintiff's property arising out of, or regarding,

the performance of the services furnished upon Plaintiff's property by Subcontractors.

19. If Plaintiff is awarded damages against Clean Harbors because of any negligence by Subcontractors in their personnel staffing, site planning, development, depopulation, cleaning and/or disinfecting, transportation or other related services performed upon Plaintiff's property, then Clean Harbors is entitled to a judgment for indemnity against Subcontractors.

## COUNT II - CONTRIBUTION

20. Clean Harbors hereby incorporates, by reference, the allegations contained in Paragraph 1 through 19 of its Third-Party Complaint, as if fully set forth herein.

21. If Plaintiff is awarded damages against Clean Harbors because of any negligence by Subcontractors in their personnel staffing, site planning, development, depopulation, cleaning and/or disinfecting, transportation or other related services performed upon Plaintiff's property, then, pursuant to Iowa Code § 668.5, Clean Harbors is entitled to contribution from Subcontractors, for all or part of the fault and damages asserted by Plaintiff against Clean Harbors.

WHEREFORE, Defendant and Third-Party Plaintiff, Clean Harbors Environmental Services, Inc., prays that, in the event judgment is entered in favor of Plaintiff, Sunrise Farms, Inc., and against Defendant, Clean Harbors Environmental Services, Inc., then Clean Harbors Environmental Services, Inc., should be granted judgment against Prime Staffing, LLC,, Trident Environmental Group, LLC,, Triad Energy Services, LLC,, Progressive Environmental Services, Inc., d/b/a SWS Environmental Services, Shelton Services, Inc. and Cotton Logistics, Inc., requiring them to indemnify it for the entire amount of said judgment and/or requiring them to contribute their equitable share to the satisfaction of said judgment. Further, Clean Harbors Environmental Services, Inc. prays that it be awarded the cost of this action, its attorney fees and

costs and all further relief as the Court deems just, equitable and appropriate under the circumstances.

                                                                      */s/Christopher P. Jannes*
                                           Christopher P. Jannes, AT0003917
                                           Margaret A. Hanson, AT0011866
                                           DAVIS, BROWN, KOEHN,
                                           SHORS & ROBERTS, P.C.
                                           The Davis Brown Tower
                                           215 10th Street, Suite 1300
                                           Des Moines, Iowa 50309
                                           Telephone: 515/288-2500
                                           Facsimile: 515/243-0654
                                           E-mail: chrisjannes@davisbrownlaw.com
                                           E-mail: maggiehanson@davisbrownlaw.com

                                           ATTORNEYS FOR DEFENDANT, CLEAN
                                           HARBORS ENVIRONMENTAL SERVICES, INC.

COPY TO:

Jeffrey D. Stone
Nicholas J. Gral
**WHITFIELD & EDDY, P.L.C.**
699 Walnut Street, Suite 2000
Des Moines, IA 50309
Phone: (515) 288-6041
Fax: (515) 246-1474
Email: stone@whitfieldlaw.com
Email: gral@whitfieldlaw.com

ATTORNEYS FOR PLAINTIFF

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on March 12, 2018 by:

☐ US Mail         ☐ FAX
☐ Hand Delivered   ☐ Overnight Courier
☐ Federal Express   ☒ Other: EDMS Filing

Signature: /s/ Christopher P. Jannes