## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## WESTERN DIVISION

|  |  |
|---|---|
| SUNRISE FARMS, INC., | ) |
|  | ) |
| Plaintiff, | ) Case No. 18-cv-04022 |
|  | ) |
| vs. | ) **ANSWER AND AFFIRMATIVE** |
|  | ) **DEFENSES OF DEFENDANT** |
| CLEAN HARBORS ENVIRONMENTAL | ) **SABRE ENGERGY SERVICES,** |
| SERVICES, INC., KDF ENTERPRISES, LLC, and | ) **LLC** |
| SABRE ENERGY SERVICES, LLC, | ) |
|  | ) |
| Defendants. | ) |
|  | ) |
| CLEAN HARBORS ENVIRONMENTAL | ) |
| SERVICES, INC., | ) |
|  | ) |
| Third-Party Plaintiff, | ) |
|  | ) |
| vs. | ) |
|  | ) |
| PRIME STAFFING, LLC., TRIDENT | ) |
| ENVIRONMENTAL GROUP, LLC., TRIAD | ) |
| ENERGY SERVICES, LLC, PROGRESSIVE | ) |
| ENVIRONMENTAL SERVICES, INC., d/b/a SWS | ) |
| ENVIRONMENTAL SERVICES, SHELTON | ) |
| SERVICES, INC., and COTTON LOGISTICS, | ) |
| INC., | ) |
|  | ) |
| Third-Party Defendants. | ) |

The Defendant, SABRE ENERGY SERVICES, LLC ("Sabre" or "this Defendant"), for its

answer and affirmative defenses to Plaintiff's Petition at Law, states as follows:

## PARTIES, JURISDICTION, AND VENUE

1.      Sunrise Farms, Inc. ("Sunrise Farms") is a corporation organized and existing under the laws of the State of Iowa and, for purposes of this action, having its principal place of business at 2060 White Avenue, Harris, Iowa 51345.

**ANSWER:** **This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 1 of the Petition and therefore does not admit or deny these allegations.**

2.     The USDA Animal and Plant Health Inspection Service ("APHIS") is an agency of the federal government and, for the purposes of this action, having its principal place of business at 4700 River Road, Riverdale, Maryland 20737.

**ANSWER:** **This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 2 of the Petition and therefore does not admit or deny these allegations.**

3.     Clean Harbors Environmental Services, Inc. ("Clean Harbors") is a corporation organized and existing under the laws of the State of Massachusetts and, for the purposes of this action, having its principal place of business at 42 Longwater Drive, Norwell, Massachusetts 02061.

**ANSWER:** **This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 3 of the Petition and therefore does not admit or deny these allegations.**

4.     KDF Enterprises, LLC ("KDF") is a limited liability company organized and existing under the laws of the State of Georgia and, for the purposes of this action, having its principal place of business at 310 Tidwell Drive, Alpharetta, Georgia 30004.

**ANSWER:** **This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 4 of the Petition and therefore does not admit or deny these allegations.**

5.     Sabre Energy Services, LLC ("Sabre") is a limited liability company organized and existing under the laws of the State of New York and, for the purposes of this action, having its principal place of business at 1891 New Scotland Road, Slingerlands, New York 12159.

**ANSWER:** **This Defendant admits the allegations contained in Paragraph 5 of the Petition.**

6.     This is an action at law for which this Court has proper jurisdiction.

2

**ANSWER:** This Defendant denies that the Iowa District Court for Osceola County, Iowa has proper jurisdiction, but admits that the United States District Court for the Northern District of Iowa, Western Division is a proper jurisdiction pursuant to 28 U.S.C. §§ 1332(a)(1), 1441(a) and 1446 that this matter was removed, which has been embraced by this District and Division.

7. Venue is proper in Osceola County, according to Iowa Code § 616.2.

**ANSWER:** This Defendant denies that the Iowa District Court for Osceola County, Iowa is the proper venue, but admits that the United States District Court for the Northern District of Iowa, Western Division is a proper venue pursuant to 28 U.S.C. §§ 1332(a)(1), 1441(a) and 1446 that this matter was removed, which has been embraced by this District and Division.

8. The amount in controversy satisfies the minimum statutory requirements for a matter in the Iowa District Court.

**ANSWER:** This Defendant admits only that Plaintiff purports to bring an action alleging an amount in controversy over the minimum statutory requirements for a matter in the Iowa District Court for Osceola County, Iowa, but this Defendant answers that the matter has been removed to the Northern District of Iowa, Western Division pursuant to 28 U.S.C. §§ 1332(a)(1), 1441(a) and 1446 and that removal has been embraced by this District and Division.

## STATEMENT OF FACTS
### OVERVIEW

9. Paragraphs 1 through 8, inclusive, are realleged as though fully set forth herein.

**ANSWER:** This Defendant restates its responses to Paragraphs 1 through 8 of this Answer to Plaintiff's Petition as though fully set forth herein.

10. Located in Harris, Iowa, Sunrise Farms consists of a feedmill, twenty-five (25)

3

layer barns, two (2) manure barns, and a processing plant.

**ANSWER:** **This Defendant admits that Sunrise Farms consists of multiple barns. This Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 10 of the Petition and therefore does not admit or deny these allegations.**

11. On April 19, 2015, Sunrise Farms was confirmed positive with Highly Pathogenic Avian Influenza, commonly referred to as "H5N2."

**ANSWER:** **This Defendant admits the allegations contained in Paragraph 11 of the Petition.**

12. H5N2 affected Sunrise Farms' three operation sites: Osceola 1-3. Osceola 1 is a 4,000,000 layer site, while Osceola 2 and 3 are two 250,000 pullet sites.

**ANSWER:** **This Defendant admits that H5N2 affected the operation of Sunrise Farms and its structures. This Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 12 of the Petition and therefore does not admit or deny these allegations.**

13. Sunrise Farms was immediately shut down by the Iowa Department of Agriculture and Land Stewardship, which restricted access and imposed vehicle disinfection.

**ANSWER:** **This Defendant admits that Sunrise Farms was shut down by the Iowa Department of Agriculture and Land Stewardship. This Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 13 of the Petition and therefore does not admit or deny these allegations.**

14. By April 23, 2015, two representatives from APHIS, Dr. John Huntley and Dr. Chris Young, arrived at Sunrise Farms and assumed responsibility for leading the subsequent cleanup and disinfection.

**ANSWER:** **This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 14 of the Petition and therefore does not**

4

admit or deny these allegations.

15. During the period of April 27, 2015 through September 15, 2015, APHIS contracted with multiple entities in an effort to clean and disinfect Osceola 1-3.

**ANSWER: This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 15 of the Petition and therefore does not admit or deny these allegations.**

16. The first entity contracted by APHIS was Clean Harbors.

**ANSWER: This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 16 of the Petition and therefore does not admit or deny these allegations.**

17. Clean Harbors brought to Sunrise Farms several hundred workers who belonged to several contractors.

**ANSWER: This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 17 of the Petition and therefore does not admit or deny these allegations.**

18. Within four weeks, Clean Harbor removed and composted approximately 8,100 dead or euthanized layers.

**ANSWER: This Defendant admits only that a number of birds were removed from Sunrise Farms. This Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 18 of the Petition and therefore does not admit or deny these allegations.**

19. Following bird removal, APHIS and Clean Harbor initiated a phase to clean and disinfect all Sunrise Farms' barns with chlorine dioxide treatments.

**ANSWER: This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 19 of the Petition and therefore does not admit or deny these allegations.**

20. Working together to disinfect the premises as timely and cost effectively as possible, APHIS contracted with Sabre to chlorine dioxide gas treat an undetermined number of barns at Sunrise Farms (hereinafter referred to as the "Gas Treatment").

**ANSWER: This Defendant admits the allegations contained in Paragraph 20 of the Petition.**

21. The Gas Treatment was a new technology that was previously untested in this capacity, but was presented by Sabre as a cost effective, timely disinfection process.

**ANSWER: This Defendant denies the allegations contained in Paragraph 21 of the Petition.**

22. From July 28, 2015 through August 24, 2015, Sabre performed Gas Treatments on Sunrise Farms' Barns 15-25.

**ANSWER: This Defendant admits the allegations contained in Paragraph 22 of the Petition.**

23. In mid-August, 2015, APHIS contracted with Clean Harbor and KDF to perform heat treatments on Sunrise Farms' Barns 1-14, the feedmill, as well as the processing plant (hereinafter referred to as the "Heat Treatment").

**ANSWER: This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 23 of the Petition and therefore does not admit or deny these allegations.**

24. Performed August 11, 2015 through August 25, 2015, the Heat Treatment was to reach 120 degrees Fahrenheit for a period of seven (7) days, running concurrently with Sabre's Gas Treatment.

**ANSWER: This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 24 of the Petition and therefore does not admit or deny these allegations.**

25. On August 25, 2015, Osceola 1 completed its last disinfection step and was confirmed H5N2 negative, eligible for restocking, on September 16, 2015.

**ANSWER: This Defendant is without knowledge or information sufficient to form**

6

a belief as to the allegations contained in Paragraph 25 of the Petition and therefore does not admit or deny these allegations.

## DAMAGES

26. Paragraphs 1 through 25, inclusive, are realleged as though fully set forth herein.

**ANSWER:** **This Defendant restates its responses to Paragraphs 1 through 25 of this Answer to Plaintiff's Petition as though fully set forth herein.**

27. Despite Sunrise Farms ultimately qualifying as 1-15N2 free, the Defendants left the Plaintiffs property significantly damaged and impaired, over and above the Defendants' various treatments.

**ANSWER:** **This Defendant denies the allegations contained in Paragraph 27 of the Petition directed at this Defendant. This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 27 of the Petition directed at the other defendants and therefore does not admit or deny these allegations.**

**ANSWER:**

28. In part, the Defendants destroyed barn equipment, electrical wiring, various production equipment, and waterlines, as well as diminished the structural integrity of Plaintiffs barns.

**ANSWER:** **This Defendant denies the allegations contained in Paragraph 28 of the Petition directed at this Defendant. This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 28 of the Petition directed at the other defendants and therefore does not admit or deny these allegations.**

29. Defendants' property damage required extensive corrective repairs and labor.

**ANSWER:** **This Defendant denies the allegations contained in Paragraph 29 of the Petition directed at this Defendant. This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 29 of the Petition directed at the other defendants and therefore does not admit or deny these allegations.**

## COUNT I: NEGLIGENCE

30. Paragraphs 1 through 29, inclusive, are realleged as though fully set forth herein.

**ANSWER:** **This Defendant restates its responses to Paragraphs 1 through 29 of this Answer to Plaintiff's Petition as though fully set forth herein.**

31. The Defendants were required to act with reasonable care in protecting the state of Sunrise Farms' property.

**ANSWER:** **This Defendant denies the allegations contained in Paragraph 31 of the Petition directed at this Defendant. This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 31 of the Petition directed at the other defendants and therefore does not admit or deny these allegations.**

32. The Defendants were negligent in causing significant property damage, resulting in corrective repairs and labor.

**ANSWER:** **This Defendant denies the allegations contained in Paragraph 32 of the Petition directed at this Defendant. This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 32 of the Petition directed at the other defendants and therefore does not admit or deny these allegations.**

33. The Defendants' negligence was a direct and proximate cause of the damages to the Plaintiff.

**ANSWER:** **This Defendant denies the allegations contained in Paragraph 33 of the Petition directed at this Defendant. This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 33 of the Petition directed at the other defendants and therefore does not admit or deny these allegations.**

34. As a result of the Defendants' negligence, Sunrise Farms incurred significant costs.

**ANSWER:** **This Defendant denies the allegations contained in Paragraph 34 of the Petition directed at this Defendant. This Defendant is without knowledge or information**

sufficient to form a belief as to the allegations contained in Paragraph 34 of the Petition directed at the other defendants and therefore does not admit or deny these allegations.

WHEREFORE, Sunrise Farms prays that:

A. The Court enter judgment for Sunrise Farms, Inc. and against the Defendants, Clean Harbors Environmental Services, Inc., KDF Enterprises, LLC and Sabre Energy Services, LLC, jointly and severally, in an amount to fully compensate Plaintiff for its losses, plus interest, accruing late charges, and the cost of this action.
B. The Court may order such other relief as the Court deems just.

Wherefore, this Defendant denies that Plaintiff is entitled to judgment in its favor for the amount claimed, or any amount whatsoever. Further, this Defendant prays that Plaintiff's Petition at Law be dismissed in its entirety.

## COUNT II: BREACH OF CONTRACT

35.     Paragraphs 1 through 34, inclusive, are realleged as though fully set forth herein.

**ANSWER:     This Defendant restates its responses to Paragraphs 1 through 34 of this Answer to Plaintiff's Petition as though fully set forth herein.**

36.     The contracts entered by and between APHIS and the Defendants were intended to benefit the Plaintiff.

**ANSWER:     This Defendant denies the allegations contained in Paragraph 36 of the Petition directed at this Defendant. This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 36 of the Petition directed at the other defendants and therefore does not admit or deny these allegations.**

37.     The Plaintiff were immediately aware the contracts entered by and between APHIS and the Defendants were intended to benefit the Plaintiff.

**ANSWER:     This Defendant denies the allegations contained in Paragraph 37 of the Petition directed at this Defendant. This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 37 of the Petition directed at the other defendants and therefore does not admit or deny these allegations.**

38.     The Defendants failed to adequately perform the contract obligations by causing significant property damage.

**ANSWER:     This Defendant denies the allegations contained in Paragraph 38 of the Petition directed at this Defendant. This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 38 of the Petition directed at the other defendants and therefore does not admit or deny these allegations.**

39.     The Defendants, therefore, breached their respective contracts.

**ANSWER:     This Defendant denies the allegations contained in Paragraph 39 of the Petition directed at this Defendant. This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 39 of the Petition directed at the other defendants and therefore does not admit or deny these allegations.**

40.     The Plaintiff has suffered significant damages as a result of the Defendants' breach of contract.

**ANSWER:     This Defendant denies the allegations contained in Paragraph 40 of the Petition directed at this Defendant. This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 40 of the Petition directed at the other defendants and therefore does not admit or deny these allegations.**

WHEREFORE, Sunrise Farms prays that:

C. The Court enter judgment• for Sunrise Farms, Inc. and against the Defendants, Clean Harbors Environmental Services, Inc., KDF Enterprises, LLC and Sabre Energy Services, LLC, jointly and severally, in an amount to fully compensate Plaintiff for its losses, plus interest, accruing late charges, and the cost of this action
D. The Court may order such other relief as the Court deems just.

Wherefore, this Defendant denies that Plaintiff is entitled to judgment in its favor for the amount claimed, or any amount whatsoever. Further, this Defendant prays that Plaintiff's Petition at Law be dismissed in its entirety.

## AFFIRMATIVE DEFENSES

Defendant, Sabre Energy Services, LLC, pleading in the alternative and without prejudice to its denials to the allegations in Plaintiff's Petition for its Affirmative Defenses to Plaintiff's Petition, state as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted against this Defendant.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused by the acts or omissions of third parties, here, the other named defendants, for whose acts this Defendant is not and was not responsible.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has not suffered any damages proximately caused by this Defendant's conduct or failure to act and/or any claimed damages were outside of the scope of liability for the physical harm.

## FOURTH AFFIRMATIVE DEFENSE

This Defendant asserts that there is no contractual relationship or agreement between Plaintiff and this Defendant and therefore, there is a lack of privity.

## FIFTH AFFIRMATIVE DEFENSE

This Defendant asserts that Plaintiff's claims are barred because it has failed to mitigate its damages.

## SIXTH AFFIRMATIVE DEFENSE

This Defendant asserts that if Plaintiff is able to show that it suffered any damages, any such damages were caused by the fault of Plaintiff or of other persons or entities, and this fault therefore reduces any percentage of fault attributable to this Defendant, pursuant to Iowa Code Chapter 668.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, if any, resulted from independent, superseding, and/or intervening

11

causes unrelated to any conduct or omission of this Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, if any, are wholly, or in part, barred by the economic loss doctrine.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are wholly, or in part, barred under the governmental discretionary function immunity.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are wholly, or in part, barred by the operation of waiver, release, estoppel and/or accord and satisfaction.

This Defendants reserve the right to add additional affirmative defenses as discovery proceeds in this case.

## JURY TRIAL DEMAND

This Defendant hereby demands a jury trial on all issues so triable.

Dated: March 12, 2018                          Respectfully submitted,

**MAYNE, ARNESON, HINDMAN, HISEY & DAANE**

By:___ /s/ Scott A. Hindman____
      Scott A. Hindman, AT0003518
      Mayne,Arneson,Hindman,Hisey & Daane
      Pioneer Bank Building
      701 Pierce Street, Suite 300
      P.O. Box 1678
      Sioux City, Iowa 51101
      Phone: (712) 277-1434
      Fax: (712) 255-8049 (Fax)
      Email: shindman@maynelaw.com
      ATTORNEYS FOR DEFENDANT
      SABRE ENERGY SERVICES, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, a copy of the foregoing document was served upon each *pro se* party or attorney whose name appears below by

| | | | |
|---|---|---|---|
| ☐ | U.S. Mail | ☐ | FAX |
| ☐ | Hand Delivered | ☐ | Overnight Carrier |
| ☐ | Certified Mail | ☒ | Other: Electronic Filing |

3-12-18
Date

*[signature]*
Server

TO:   Jeffrey D. Stone, Esq.
Nicholas J. Gral, Esq.
699 Walnut St., Ste. 2000
Des Moines, IA 50309

Christopher P. Jannes, Esq.
Margaret A. Hanson, Esq.
215 10th St., Ste. 1300
Des Moines, IA 50309

1150718/37159170v.1