IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| SUNRISE FARMS, INC, <br><br> Plaintiff, <br><br> vs. <br><br> SABRE ENERGY SERVICES, LLC, *d/b/a* SWS ENVIRONMENTAL SERVICES; TRIAD ENERGY SERVICES; PROGRESSIVE ENVIRONMENTAL SERVICES INC, *d/b/a* SWS ENVIRONMENTAL SERVICES, <br><br> Defendants. | No. 18-CV-4022-CJW-KEM <br><br> **ORDER** |

_____

This matter is before the Court on plaintiff's Motion for Dismissal with Prejudice of Triad Energy Services, LLC, and Progressive Environmental Services, Inc. d/b/a SWS Environmental Services. (Doc. 225). There were no resistances to the motion. For the following reasons, plaintiff's motion for dismissal with prejudice is **granted.**

## I. BACKGROUND

On January 31, 2018, plaintiff filed its complaint in the Iowa District Court for Osceola County. (Doc. 1-3). In its complaint, plaintiff brought claims for negligence (Count One) and breach of contract (Count Two) against Clean Harbors Environmental Services, Inc. ("Clean Harbors"), KDF Enterprises, LLC ("KDF Enterprises"), and Sabre Energy Services. (*Id.*). On March 6, 2018, Clean Harbors removed the case to this Court. (Doc. 1).

On March 12, 2018, Clean Harbors answered plaintiff's complaint and raised a third-party complaint against several parties, including Prime Staffing, LLC, Trident Environmental Group, LLC, Triad Energy Services, LLC ("Triad"), Progressive Environmental Services, Inc. ("Progressive"), Shelton Services, Inc. ("Shelton Services"), and Cotton Logistics, Inc. (Doc. 5). Clean Harbors' third-party complaint sought indemnification and contribution. (*Id.*, at 10–12). On November 16, 2018, plaintiff filed its first amended complaint, in which it added several defendants, including Triad and Progressive. (Doc. 81). On January 16, 2019, Shelton Services filed a third-party complaint against Code 3 Services, LLC, Dillion Environmental Services, LP, EMR, Inc, Enhanced Environmental and Emergency Services, Inc., JER's Bin Cleaning, Jones Builders, LLC, and Slick Response Services, Ltd. (Doc. 98). Shelton Services' third-party complaint also sought indemnification and contribution. (*Id.*, at 5–7).

From late November 2019 through January 2020, the parties filed several motions to dismiss certain parties under Federal Rule of Civil Procedure 41(a)(2). *See, e.g.*, (Docs. 193, 194, 196, 201, 202, 204, 205, & 208). The Court granted each of these motions and dismissed with prejudice nearly all the parties. (Docs. 206 & 210).

On September 9, 2020, the Court filed its own motion seeking clarification on which parties remained in this suit. (Doc. 223). The Court noted that its records showed three remaining defendants: Sabre, Triad, and Progressive. (*Id.*, at 1). The Court also noted, however, that the parties referred to Sabre as the sole remaining defendant in docket filings. (*Id.*). The Court instructed the parties to respond to the Court's order for clarification. Specifically, the Court stated that "[i]f the parties intended to dismiss Triad and Progressive, but the Court has not [dismissed them], the parties are instructed to dismiss Triad and Progressive as parties to this suit." (*Id.*, at 3). In response, plaintiff filed the current motion before the Court.

2

## II. ANALYSIS

### A. Applicable Law

The motion for dismissal with prejudice is raised under Federal Rule of Civil Procedure 41(a)(2). Rule 41(a)(2) states:

> **(2) By Court Order; Effect.** Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Courts consider several factors to determine whether a Rule 41(a)(2) dismissal is appropriate. These factors include "whether the party has presented a proper explanation for its desire to dismiss[,] whether a dismissal would result in a waste of judicial time and effort[,] and whether a dismissal will prejudice the defendants." *Black Soil Dairy, LLC v. Land O'Lakes, Inc.*, No. 17-CV-4065-LRR, 2018 WL 4658686, at *3 (N.D. Iowa Sept. 27, 2018) (quoting *Thatcher v. Hanover Ins. Grp., Inc.*, 659 F.3d 1212, 1213-14 (8th Cir. 2011). "The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side." *Id.* (quoting *Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir. 1987)).

### B. Discussion

As for the first factor, plaintiff has provided an explanation for its motion. According to plaintiff, its claims against Triad and Progressive have settled. (Doc. 224, at 2). This factor weighs in favor of granting plaintiff's motion.

Next, the Court finds dismissal will not result in a waste of judicial time and effort. The Court has already spent substantial time and effort on this matter, primarily related to motions to dismiss and a motion for summary judgment. (Docs. 206, 210, & 222). These efforts have been important in moving the case along and providing clarity for the

3

parties.  Dismissing several of the parties now, however, will save additional judicial resources as this case moves closer to trial.  Fewer defendants will likely mean fewer issues between the parties that require the Court's attention.  Fewer parties may also aid in a more efficient resolution by allowing the remaining parties to focus their resources on a smaller number of actions.  Thus, the Court finds the dismissals will not result in a waste of judicial time and effort.

Finally, the Court finds that the dismissals will not prejudice the defendants.  Here, plaintiff asks the Court to dismiss two of the defendants because the claims were settled.  The defendants named in the motions have not resisted the dismissals.  Instead of prejudicing the defendants, the defendants will benefit from being dismissed from an ongoing lawsuit in which the claims against them have settled.  Because the defendants named in the lawsuit have not resisted the dismissal and because being dismissed as a party to an ongoing lawsuit will benefit the defendants, the Court finds Triad and Progressive will not be prejudiced by dismissal.

### III.   CONCLUSION

Because the Court finds the dismissals will save judicial resources in the future, will not unduly prejudice the defendants, and because plaintiff has presented a proper explanation for the dismissal, the motion (Doc. 225) is **granted.**  Plaintiff's claims against Triad and Progressive are thus dismissed with prejudice.

**IT IS SO ORDERED** this 23rd day of September, 2020.

_____
C.J. Williams
United States District Judge
Northern District of Iowa